UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

W&W-AFCO STEEL, LLC,

   Plaintiff,

v.

SME STEEL CONTRACTORS, INC.,

   Defendant.

Case No. CIV-19-568-D

# ORDER

  Before the Court is Defendant SME Steel Contractors, Inc.'s Motion to Stay Proceedings [Doc. No. 26], which is fully briefed. *See* Pl.'s Resp. Br. [Doc. No. 27]; Pl's Request for Judicial Notice [Doc. No. 28]; Def.'s Reply Br. [Doc. No. 29].

  This diversity action involves claims for breach of contract and recovery of a delayed payment penalty under California law, Cal. Civ. Code § 8800 *et seq.*, related to steel fabrication work for a construction project in California. Defendant has responded to the Amended Complaint by moving to stay this case pending the occurrence of two events: 1) a decision by the United States District Court for the District of Utah of a motion to compel arbitration of the parties' dispute, filed in *SME Steel Contractors, Inc. v. W&W-AFCO Steel, LLC*, Case No. 2:19-cv-232-JNP-EJF (D. Utah April 17, 2019); and 2) if the motion is granted, completion of an arbitration proceeding that Defendant initiated with the American Arbitration Association in July 2019.[1]

---

[1] As a third alternative, Defendant asserts that if its motion to compel arbitration is denied by the Utah court, this Court should abstain from exercising jurisdiction pursuant to the "first-to-file"

On November 25, 2019, the presiding judge in the Utah case, the Honorable Jill N. Parrish, granted the motion to compel arbitration and denied a motion to stay the arbitration proceeding. See Def.'s Notice of Suppl. Auth. [Doc. No. 30].[2] Thus, the only remaining question presented by Defendant's Motion is whether this case should be stayed while the parties proceed with the arbitration. On this issue, Plaintiff's lone argument in its brief is that Defendant's request was premature and "based on hypothetical facts" until the Utah court ordered arbitration. See Pl.'s Resp. Br. at 22. Therefore, because this hypothetical has come to fruition, the Court finds that this case should be stayed while the parties proceed with the arbitration as ordered by Judge Parrish.

IT IS THEREFORE ORDERED that Defendant SME Steel Contractors, Inc.'s Motion to Stay Proceedings [Doc. No. 26] is GRANTED. This case is stayed, and will be administratively closed, pending the completion of the arbitration proceeding.

**IT IS SO ORDERED** this 10th day of December 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

rule. However, abstention would likely result in a dismissal rather than a stay. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1120-21 (10th Cir. 2018) (reviewing dismissal on abstention grounds); *D.A. Osguthorpe Family P'ship v. ASC Utah, Inc.*, 705 F.3d 1223, 1236 (10th Cir. 2013) (affirming dismissal on abstention grounds).

[2] Judge Parrish rejected Plaintiff's arguments that it should not be required to arbitrate because a written contract between the parties (through Plaintiff's predecessor) was unenforceable and because the parties' dispute does not fall within the scope of the arbitration agreement, ruling instead that arbitrability of the dispute must be decided by the arbitrator.